S. BRENT VOGEL
Nevada Bar No. 6858
ALAYNE M. OPIE
Nevada Bar No. 12623
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
brent.vogel@lewisbrisbois.com
alayne.opie@lewisbrisbois.com
*Attorneys for Defendant Narconon Fresh Start dba Rainbow Canyon Retreat ("Fresh Start")*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CATHY TARR, a Virginia Citizen; and MICHAEL TARR, a Florida Citizen,<br><br>Plaintiffs,<br><br>vs.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL,<br><br>Defendants. | CASE NO. 2:14-cv-00283-~~JCM~~-NJK  **GMN**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>As amended, page 8. |

IT IS HEREBY **STIPULATED AND AGREED** by and between the undersigned counsel as follows:

**1.0    GENERAL INFORMATION:**

   1.1    <u>Definitions</u> - As used in this Order, the word:

1.1.1 "Party" or "Parties" shall include *Plaintiffs* CATHY TARR and MICHAEL TARR, *Defendant* NARCONON FRESH START dba RAINBOW CANYON RETREAT, *Non-Party* NARCONON INTERNATIONAL, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL, and each of their/its/his/her employees, agents, representatives, and attorneys (including both outside counsel and inside counsel).

1.1.2 "Person(s)" shall include any "Party" or non-party to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental agency.

1.1.3. "Confidential Material" shall mean any and all confidential or proprietary documents, data, or information provided in response to written discovery requests, subpoena, deposition testimony, or otherwise produced. All Confidential Materials shall be Bates stamped and marked as confidential with a watermark or legend.

1.1.4. "Discovering Party" shall mean the Party who has requested documents designated as Confidential Material under this Stipulated Protective Order or is in possession of documents designated as Confidential Material.

1.1.5 "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Stipulated Protective Order.

1.1.6 "Fresh Start" shall mean Narconon Fresh start dba Rainbow Canyon Retreat.

1.1.7 "Licensing Agreement" shall mean the License Agreement dated May 14, 2001, by and between Narconon International and Narconon Southern California, Inc. previously disclosed and

identified as LICENSE-00001-9.

1.2 <u>Trade Secrets and Proprietary Information</u>:

Fresh Start contends that documents designated as Confidential Material represent and/or reflect trade secrets or other confidential and proprietary research, development or commercial information. The Parties agree Fresh Start has a legitimate interest in protecting trade secrets, or other confidential and proprietary research, development or commercial information, including those which Fresh Start has been granted the non-exclusive right and license to use pursuant to the Licensing Agreement. The Parties agree the protections within this agreement are adequate.

1.3. <u>Nature of this Stipulated Protective Order</u>:

The nature of this Stipulated Protective Order is to protect Fresh Start's business interests in its own intellectual property, information, and processes. Furthermore, the nature of this Stipulated Protective Order is protect Fresh Start from any liabilities that arise out of the Licensing Agreement. Disclosure of Fresh Start's trade secrets, confidential or proprietary information or any of those referenced in the Licensing Agreement, could cause irreparable and significant harm to Fresh Start, Narconon International, The Association for Better Living and Education, and its affiliates. This Stipulated Protective Order is intended to prevent this foreseeable harm and any related unforeseeable harm.

1.4 <u>Public Health & Safety Not At Issue</u>:

The documents and information at issue do not involve the public health and safety, a public entity, or issues important to the general public.

1.5 <u>Good Faith Discovery Cooperation</u>:

It is the purpose of this Stipulated Protective Order and the desire of Fresh Start to make the broadest range of reasonably relevant documents available to the Parties, without waiving any trade secrets, privilege, or

otherwise proprietary information, while protecting all Parties interests', while adhering to the Licensing Agreement, and without subjecting the Parties and the Court to numerous discovery motions.

1.6 <u>Reliance on this Agreement</u>:

The Parties agree to limit dissemination of any documents and information as set forth in this Stipulated Protective Order and are materially relying on the representations and covenants contained within.

**2.0** <u>**SCOPE, RELIANCE AND PURPOSE**</u>**:**

2.1 It is the purpose of this Stipulated Protective Order that Fresh Start will be provided reasonable assurance that:

    2.1.1 The documents or information produced by Fresh Start will be used in this litigation and this litigation only;

    2.1.2 The documents or information produced by Fresh Start will not be used for commercial purposes;

    2.1.3 The documents or information produced by Fresh Start will not be used for non-litigation purposes.

2.2 Fresh Start is relying on this Stipulated Protective Order, and would not have produced the documents and information otherwise.

2.3 Fresh Start's production under this Stipulated Protective Order does not admit or concede the documents or information are relevant or admissible in this litigation.

2.4 This Stipulated Protective Order survives the end of the above-styled litigation.

2.5 The Parties agree good cause exists for this Stipulated Protective Order and for the Court to enter this Order.

2.6 Compliance with this Stipulated Protective Order will be a material term to any settlement agreement reached in this case.

**3.0  PRODUCTION OF DOCUMENTS:**

    3.1  Any documents produced for inspection and made available for copying in this action by any Party to this litigation or any third parties whether before or after the date of entry of this Order may be designated Confidential Material. Such a designation shall be made by placing a watermark or legend inscribing the word "Confidential" on the face of each page of each document so designated. In the event a book is produced, the material shall be designated as Confidential Material by placing a watermark or legend inscribing the word "Confidential" on the front cover of the book. Thereafter, if any single page from the book is duplicated, the individual pages shall be designated Confidential Material by placing a watermark or legend inscribing the word "Confidential" on each page of the document so designated.

    3.2  Such Confidential Materials in whole or in part or in any form, and the information within, may be used and disclosed solely for the preparation and trial of this litigation only, including all appeals. Copies of any discovery designated "Confidential" shall only be provided to parties or persons as identified within this Stipulated Protective Order.

    3.3  The Parties and their counsel agree to use reasonable efforts not to disclose the information to any third person or entity whatsoever, except to (the following are collectively referred to as "Qualified Person(s)"):

        a.  counsel of record in this action on behalf of a Party to this litigation;

        b.  employees or agents of counsel including regularly employed support staff, paralegal and clerical personnel who have a direct responsibility for assisting such counsel in the preparation and trial of litigation, including appeals;

        c.  outside consultants and experts and their employees or

agents retained by counsel or any Party to this litigation for the purpose of assisting in the preparation and trial of this litigation, including appeals;

d. the United States District Court, District of Nevada, ("the Court"), and court personnel, including stenographic reporters regularly employed by the Court;

e. stenographic or video reporters who are otherwise engaged in such proceedings as are necessarily incident to the conduct of this litigation;

f. witnesses or prospective witnesses requested by counsel to give testimony or otherwise to prepare for any deposition, hearing, trial or other proceeding in this litigation.

Any person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified person" or "non-qualified persons."

## 4.0   DEPOSITIONS

Deposition testimony concerning any Confidential Material shall be designated as Confidential Material under the terms of this Stipulated Protective Order. The court reporter shall note on the record the designation of Confidential Material and shall separately transcribe those portions of the testimony so designated and shall mark the face of such portion of the transcript as "Confidential Material." The Parties may use Confidential Material during any deposition provided the witness is apprised of the terms of this Stipulated Protective Order and executes the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, attached as Exhibit "A." The Parties may use Confidential Material during a deposition only if the room is first cleared of all non-qualified persons.

**5.0     CONTESTING THE DESIGNATION OF CONFIDENTIAL MATERIAL**

In the event that any Party desires to contest the designation of any documents, information, or testimony as Confidential Material, that Party shall, after requesting and being denied re-designation within a timely manner, shall file an objection with the Court and request a hearing on the matter. At such hearing, the Party designating the information as Confidential Material shall have the burden to establish that Party's right to protection of the Confidential Material. All such documents, information or testimony shall be treated as Confidential Material until the Court makes a decision regarding the status of the documents, information and testimony.

**7.0     VIEWING OF DOCUMENTS BY THIRD PARTIES:**

The Parties agree and acknowledge that before disclosing any Confidential Material to a Qualified Person, as defined above in Section 3 of this Stipulated Protective Order, the Party shall provide to the Qualified Person a copy of this Stipulated Protective Order and each Qualified Person shall execute a copy of the attached AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION. The executed copy of Exhibit "A" shall be retained by the attorney who has disclosed the Confidential Material to the Qualified Person.

**8.0     NO WAIVER BY INADVERTENT PRODUCTION:**

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as Confidential in accordance with this Order, the failure to so mark the material shall not be deemed a waiver of its confidentiality, privilege, or right to object.

**9.0     RETURN OF DOCUMENTS AT END OF LITIGATION:**

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Producing Party. The Discovering Party shall return or destroy all

Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules. The Discovering Party will confirm in writing to the Producing Party its compliance with this Section 9.0.

**10.0   PHOTOCOPYING PROHIBITED BEYOND THIS LITIGATION:**

The Confidential Material shall not be photographed, photocopied or reproduced in any manner except in preparation of this litigation.

**11.0   PUBLICATION PROHIBITED:**

The Confidential Material shall not be published or reproduced in any manner on the Internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, persons may not verbally share the Confidential Material to non-qualified persons.

*See order issued concurrently herewith.*

~~12.0   **ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED:**~~

~~All motions or other documents filed with the Court, if any, which reveal, include, attach or make reference to any portion of the Confidential Material shall be considered Confidential Material governed by the terms of this Stipulated Protective Order and:~~

~~12.1   Filed in a sealed envelope directly with the presiding Judge.~~

~~12.2   Considered sealed documents until further order of the Court, if any.~~

~~12.3   All proceedings in connection therewith shall be conducted in chambers, if allowed by the Court.~~

~~12.4   Any records made of such proceedings, if any, shall also be sealed.~~

**13.0   NON-WAIVER:**

This Stipulated Protective Order is not, and shall not be interpreted as, a waiver

by any Party of any right to claim in this lawsuit or otherwise, that the documents or information are privileged or otherwise undiscoverable.

**14.0** **VIOLATION OF ORDER:**

Upon an alleged violation of this Stipulated Protective Order, the Court on its own motion or on the motion of any Party may grant relief as it deems appropriate in law or equity. Should any provision of this Stipulated Protective Order be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

Dated this 10th day of December, 2014.    Dated this 10th day of December, 2014.

LEWIS BRISBOIS BISGAARD &     HAMILTON LAW
SMITH LLP


By:         /s/ Alayne Opie            By:    /s/ Ryan Hamilton
S. Brent Vogel, NV Bar 6858            Ryan Hamilton, NV Bar 11587
Alayne M. Opie, NV Bar 12623           5125 S. Durango Drive, Suite C
6385 S. Rainbow Boulevard, Suite 600   Las Vegas, Nevada 89113
Las Vegas, Nevada 89118                *Attorney for Plaintiffs*
*Attorneys for Defendant Narconon Fresh Start dba Rainbow Canyon Retreat ("Fresh Start")*

Dated this 10th day of December, 2014.

SCHEPER KIM & HARRIS LLP


By:    /s/ William Forman
David C. Scheper, CA Bar 120174
William H. Forman, CA Bar 150477
Greg A. Ellis, CA Bar 204478
601 W. Fifth Street, 12th Floor
Los Angeles, CA  90071
*Attorneys for Defendant Narconon Fresh Start dba Rainbow Canyon Retreat ("Fresh Start")*

# ORDER

Based upon the foregoing Stipulation, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Parties have entered into a STIPULATED PROTECTIVE ORDER governing production of documents.

IT IS FURTHER ORDERED that the Parties shall be bound by the Stipulated Protective Order.

DATED: December 11, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

Respectfully submitted by:
LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   /s/ Alayne Opie
S. Brent Vogel, NV Bar 6858
Alayne M. Opie, NV Bar 12623
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Narconon Fresh Start dba Rainbow Canyon Retreat ("Fresh Start")*

**EXHIBIT "A'**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CATHY TARR, a Virginia Citizen; and MICHAEL TARR, a Florida Citizen,<br><br>Plaintiffs,<br><br>vs.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL,<br><br>Defendants. | CASE NO. 2:14-cv-00283-~~JCM~~-NJK<br>(GMN) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

I hereby attest to my understanding that information or documents designated as Confidential Material and the information contained therein are provided to me pursuant to the terms and conditions and restrictions of the STIPULATED PROTECTIVE ORDER entered in the above-styled case. I have been given a copy, read, and understand the STIPULATED PROTECTIVE ORDER. I agree to be bound by it, and consent to the personal jurisdiction of the Court that signed the STIPULATED PROTECTIVE ORDER, for enforcement.

I further agree that I shall not disclose to others in any manner, except in accordance with the STIPULATED PROTECTIVE ORDER, any Confidential Material as defined in that agreement, and that such Confidential Material shall be used only for the purposes of the captioned legal proceeding. I understand that the

unauthorized disclosure of Confidential Material could result in the violation of the rights to privacy, and/or serious economic harm to the party providing the Confidential Material which could continue to cause harm even after the termination of that legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that STIPULATED PROTECTIVE ORDER, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

_____
Signature                                    Date

_____
Name printed

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith, LLP, and that on this 10th day of December, 2014, I did cause a true copy of **STIPULATED PROTECTIVE ORDER** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

By:     /s/ Alayne Opie