UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CATHY TARR, et al.,<br><br>        Plaintiff(s),<br><br>vs.<br><br>NARCONON FRESH START, et al.,<br><br>        Defendant(s). | Case No. 2:14-cv-00283-GMN-NJK<br><br>ORDER<br><br>(Docket No. 68) |

      Pending before the Court is the parties' stipulation to extend discovery deadlines (Docket No. 68), which is hereby **DENIED** without prejudice. Within the stipulation, the parties state that they are seeking to extend discovery "in an effort to promote judicial economy" and "to facilitate the coordination of a mass mediation." Docket No. 68, at 2. The parties further state that the deadlines that fall before the mediation "require the Parties to expend significant amounts of time and money to appropriately litigate and defend this claim." *Id.*, at 2-3. The parties are essentially requesting a stay of discovery, pending the resolution of the mediation.

      Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-13 (9th Cir. 2005) (reviewing Ninth Circuit law on issue, and finding a stay was inappropriate). The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). In this case, the parties have not shown that a stay of discovery is appropriate. For example, "[a] stay should not be granted unless it appears

likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Here, it appears that the "mass mediation" has yet to be scheduled, but may occur "mid to end of May 2015, schedules permitting." Docket No. 68, at 2.

Furthermore, to the extent the parties are not seeking a stay of discovery, the stipulation to extend discovery is untimely with respect to the deadline for the rebuttal expert disclosure. The current rebuttal expert disclosure deadline, May 6, 2015, will expire in less than 21 days. *See* Docket No. 66, at 3. Parties must request extensions to deadlines in the scheduling order at least 21 days before they are set to expire. Local Rule 26-4. These rules are in place to prevent parties from unnecessarily seeking extensions at the eleventh hour or after the expiration of a deadline. When parties fail to timely request an extension of the deadlines subject to their request, they must establish excusable neglect for the extension sought. *See, e.g.*, Local Rule 26-4. The parties fail to address (let alone establish) excusable neglect in the pending stipulation with respect to the rebuttal expert disclosure deadline.

Accordingly, the stipulation to extend (Docket No. 68) is hereby **DENIED** without prejudice. The parties shall submit a revised stipulation no later than May 1, 2015, that complies with the Local Rules. In the alternative, the parties may submit a request for a stay of discovery that addresses all relevant standards, no later than May 1, 2015.

IT IS SO ORDERED.

DATED: April 24, 2015

                                                        NANCY J. KOPPE
                                                        United States Magistrate Judge